IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BANK OF AMERICA CREDIT PROTECTION MARKETING & SALES PRACTICES LITIGATION<br><br>This Order Relates To:<br><br>ALL CASES | NO. MD 11-2269 TEH<br><br>MDL. No. 2269<br><br><u>ORDER SETTING CASE MANAGEMENT CONFERENCE AND SCHEDULE FOR PROPOSED AGENDA ITEMS</u> |

On September 14, 2011, the Judicial Panel on Multidistrict Litigation (JPML) transferred these actions to this Court, which arise from common factual questions regarding the marketing, enrollment, sale, operation and/or administration of Bank of America's credit protection plan.  Given the involvement of multiple actions, a single, coordinated initial case management conference for all actions is warranted.  The Court hereby ORDERS as follows:

1. APPLICABILITY OF ORDER: This order shall govern the practice and procedure in those actions transferred to this Court by the JPML, pursuant to their order of September 14, 2011, as well as all related actions originally filed in this court and all "tag-along actions" later filed in, removed to, or transferred to this Court, as well as any other related actions subsequently filed in this Court, or otherwise transferred or removed to this Court.

2. CONSOLIDATION: The actions described above, in paragraph 1 of this order, are consolidated for pretrial purposes only. Any cases which have not yet been filed, removed to, or transferred to this Court, but which subsequently fall under the applicability of this order as described in paragraph 1, will automatically be consolidated with this action

without the necessity of future motions or orders. This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

3. DATE OF INITIAL CASE MANAGEMENT CONFERENCE: An initial case management conference will be held on November 14, 2011, at 10:00 a.m. before Judge Thelton E. Henderson in Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, California. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and, at the conference, come prepared to suggest procedures that will serve to facilitate expeditious, efficient, and just resolution of this litigation.

4. APPEARANCES: Each party represented by counsel shall appear at the case management conference through the attorney who will be primarily responsible for representing the party's interest in this litigation. If there are any parties not represented by counsel, they may appear in person, or through an authorized and responsible agent. Should the parties wish to minimize costs, parties with similar interests may agree to have an attending attorney represent their interests at this conference. No designation of this sort will preclude a party from other representation during the litigation.

Attendance at the conference will not waive objections to jurisdiction, venue or service. Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Northern District of California Local Rule 11-3 are waived. Association of local counsel is not required.

5. SERVICE: Prior to the case management conference, service of all papers shall be made on each of the attorneys. Any attorney who wishes to have his name added to or

1  deleted from the service list may do so upon request to the clerk of this Court, with notice to
2  all other persons on such service list.  Service shall be deemed sufficient if made upon all
3  attorneys.  The parties shall present to the Court, at the case management conference, a list of
4  attorneys for purposes of service.  Only one attorney or each party separately represented
5  shall be included on such list.

7       6.     FILING: This case is subject to Electronic Case Filing ("ECF"), and,
8  accordingly, a signed original of any pleading or paper shall be e-filed. No copies will be
9  necessary.  All papers filed in these actions shall bear the identification "MDL Docket No.
10  2269", and, when such paper relates to all these actions, shall be followed only by the
11  notation "This Document Relates To ALL CASES".  If such paper does not relate to all of
12  these actions, the individual docket numbers, assigned by the Clerk of this Court, of those
13  actions to which the paper relates, shall be listed, preceded by the words "This Document
14  Relates To".  If such paper relates to five or fewer actions, the abbreviated caption of each of
15  the actions may be listed opposite its number.   Any paper which is to be filed in any of these
16  actions shall be filed with the Clerk of this Court and not with the transferor district court.

17       In filing documents via ECF, parties shall file their papers under the MDL docket
18  number, as well as under the docket number of the filing parties' individual case.

19       Upon remand of any of these actions, the parties will be required to provide to this
20  Court copies of any necessary and relevant papers previously filed.

21       Any paper filed in any of these actions which is substantially identical to any other
22  paper filed in another of these actions shall be sufficient if it incorporates by reference the
23  paper to which it is substantially identical.

24       Where counsel for more than one party plan to file substantially identical papers, they
25  shall join in the submission of such papers, and shall file only one paper on behalf of all so
26  joined.

7.	HEARINGS: Hearings shall not be held on any motions filed except by order of this Court, upon such notice as this Court may direct.

8.	DISCOVERY: All discovery proceedings in these actions are stayed until further order of this Court and the time requirements to perform any acts or file any papers pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure are tolled until the initial case management conference, at which time a discovery schedule will be established.

9.	LIAISON COUNSEL: This Court intends to appoint Liaison Counsel, who will be authorized to receive orders and notices from the Court on behalf of all parties whose interests are similarly aligned, and have, subject to the approval of the court, designated counsel as their liaison.  Liaison counsel shall also be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.  Liaison counsel shall be required to maintain complete files with copies of all documents served upon them, and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the JPML pursuant to Rule 8(e) of the Panel's Rules of Procedure on behalf of all parties within their liaison group, and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. The appointment of Liaison counsel shall be an item discussed at the initial case management conference, and all parties should come prepared to discuss this issue.

10.	AGENDA ITEMS FOR CASE MANAGEMENT CONFERENCE: The items listed in MCL 4th Sections 22.61, 22.62, and 22.63 will be addressed generally at the conference, as well as the items noted above.

Within 21 days of the date of this order, counsel shall submit to the Court suggestions for further items to be included in the agenda for this conference. The Court asks that counsel be judicious in their suggestions, and try to limit their submissions as much as possible.

4

Furthermore, the Court asks that counsel review the MCL 4th sections listed above to avoid duplicative submissions. Prior to the date of the conference, the Court will post an agenda for the conference, and counsel shall come to the meeting prepared to discuss the items on the agenda.

11.     CURRENTLY PENDING MOTIONS: Any motions currently pending before the Court in any of these actions is DENIED without prejudice, and may be re-filed after the case management conference on November 14, 2011.

**IT IS SO ORDERED.**

Dated: 9/19/2011

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT