United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BANK OF AMERICA CREDIT PROTECTION MARKETING & SALES PRACTICES LITIGATION<br><br>This Order Relates To:<br><br>ALL CASES | NO. MD 11-2269 TEH<br><br>MDL. No. 2269<br><br>ORDER REGARDING PREPARATION FOR HEARING |

On September 14, 2011, the Judicial Panel on Multidistrict Litigation (JPML) transferred these actions to this Court, which arise from common factual questions regarding the marketing, enrollment, sale, operation and/or administration of Bank of America's credit protection plan. On December 13, 2011, Plaintiffs filed their Consolidated Amended Class Action Complaint, and Defendants moved to dismiss on January 13, 2012. At present, a hearing on this matter is scheduled to take place on **March 13, 2012, at 10:00 a.m.** in Courtroom 2, 17th Floor, U.S. District Court in San Francisco. In the interest of focusing oral argument on those issues most relevant to the Court's determination, and allowing counsel time to research and prepare argument on those issues that most concern the Court, the Court hereby ORDERS that counsel respond to the questions provided below during their oral argument on March 13, 2012.

Counsel need not restrict their presentation to answering the provided questions–the questions are not intended as a limitation on oral argument–however the presentations of each party at oral argument must, at some point, include responses to the questions included in this Order.

**For Plaintiffs**

1) For the involuntarily enrolled Plaintiffs, there is no possibility of alleging the breach of a specific contractual term, because it is the Plaintiffs' claim that the contract was breached by *exceeding* the terms of the contract, rather than contravening them. Plaintiffs' response brief cited two cases in support of the proposition that such a claim for breach of contract may be brought, however the distinctions between those cases and the present matter, as raised by Defendants in their reply, are not insignificant. Moreover, there is a great deal of authority holding that a claim for breach of contract which does not cite explicit terms is defective.

    A) If the Plaintiffs would have the Court rule that this claim is not defective in spite of its failure to cite explicit terms, on what authority would the Plaintiff have the Court rely? Are there cases beyond the two cited in Plaintiffs' response which better support the principle in this case? Or, if the Plaintiffs seek to have the Court rely on those cases alone, why are they not inapposite, in light of the divergences noted in Defendants' reply?

    B) Assuming breach of contract is only an appropriate claim when a plaintiff can allege the violation of a specific contractual term, and that unjust enrichment is limited as a means of relief to those controversies not governed by a contract–including where a contract is invalid or unenforceable, or where the conduct involved is outside the contract's scope–why should the Court allow a defective breach of contract claim? Why should the Court not consider unjust enrichment the appropriate remedy for the controversy in this case, where the claim arises from contract outside the scope of an existing contract?

2) Assuming that Defendants are correct in their assertion that a claim for unjust enrichment cannot be brought where a contract governs the controversy underlying the unjust enrichment claim:

> A) Why should the Plaintiff's claim in this case not be dismissed for failure to plead the specific facts on which the contract may be determined to be invalid?

> B) Is it Plaintiff's position that, with regard to the involuntary enrollment Plaintiffs, the contract's terms do not cover the controversy from which the unjust enrichment claim arises? If so, why shouldn't the Court dismiss this claim for failure to include, in the cause of action, the allegation that this claim arises from conduct beyond the contract's scope?

> C) Similarly, with regards to the voluntary enrollment Plaintiffs, under what circumstances might their contract be found invalid, unenforceable, or otherwise limited so as to allow an unjust enrichment claim?

3) Why shouldn't the availability of restitution as a remedy for other causes of action in this case bar Plaintiffs from making a claim for unjust enrichment, as the Court ruled in *Arevalo*?

4) If the claims currently in question were to be dismissed, and the Plaintiffs were afforded an opportunity to amend, how might the complaint be amended? Please detail, to the extent possible, what amendments you might make, to which claims or facts, and how an amendment might cure a concern addressed by the present motion to dismiss.

**For Defendants**

5) Regarding the implied covenant of good faith and fair dealing:

    A) Why should the involuntary enrollment Plaintiffs failure to specify a breached provision of their contract with Defendants bar their breach of covenant claim? Isn't the covenant of good faith and fair dealing implied in order to afford means of relief where there has been no technical violation of a contract's terms, but only conduct by one party that frustrates the other party's rights and benefits under the contract?

    B) Is the position of the Defendants that the breach of covenant claim in this case is merely defective as presently pled–due to the lack of specific contractual terms from which the obligation breached can be implied–or is it Defendants' position that a claim for breach of covenant simply cannot be brought, as the contract itself could not have given rise to an obligation not to impose charges beyond those contracted?

6) Where a contract expressly allows a number of specified fees, does it not, by implication, bar any fees not expressly enumerated and included in the contract? If we were to accept Defendants' position that breach of contract and breach of covenant both require the breach of specific contractual terms, would any contract that does not include a provision expressly barring the charging of unlisted fees allow the contracting party to list only a few of its fees, give no notice of the further fees, and then, with no prior notice, begin assessing additional fees never negotiated or contracted?

7) Regarding unjust enrichment:

    A) If the availability of a remedy through another cause of action bars a claim of unjust enrichment, why should this bar pleading in the alternative? Is merely seeking

4

restitution through other claims (which may or may not prove valid, or succeed) sufficient to bar pleading, in the alternative, unjust enrichment?

B) If, as Defendants argue, the contract-based claims of the involuntary enrollment subclass are fatally defective and dismissed, would they then be able to make an unjust enrichment claim? For the purposes of this question, please assume that unjust enrichment is available under California law, and that pleading in the alternative is also acceptable (as stated in *In re Easysaver Rewards Litigation*, 737 F.Supp.2d 1159, 1180 (S.D.Cal. 2010)).

**IT IS SO ORDERED.**

Dated: 3/1/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT