IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE: BANK OF AMERICA CREDIT PROTECTION MARKETING & SALES PRACTICES LITIGATION<br><br>This Order Relates To:<br><br>ALL CASES | NO. MD 11-2269 TEH<br><br>MDL. No. 2269<br><br>ORDER ON MOTION TO DISMISS |

This matter comes before the Court on Defendants' motion to dismiss, filed on January 13, 2012, and heard on March 13, 2012. For the reasons set forth below, the motion to dismiss is GRANTED IN PART AND DENIED IN PART.

**BACKGROUND**

Eight named Plaintiffs, on behalf of a putative class of all borrowers who paid for credit card products known as "Credit Protection" or "Credit Protection Plus" (collectively, "CCP") bring suit against the bank who offered the product, Bank of America, and the affiliate who offered the CCP contracts, FIA (collectively, "Defendants").

CCP was marketed as a "safety net" to consumers, and offers to protect consumers' Bank of America credit card accounts, should certain qualifying life events render the cardholder unable to make the required payments on the account. Such qualifying events include involuntary unemployment, hospitalization, disability, or loss of life. The program was marketed to consumers by direct mail or phone solicitation.

There are two types of Plaintiffs in this case: those who claim to have been involuntarily enrolled in CPP, and charged for CCP without their consent (the "involuntary enrollment subclass" or "involuntary enrollment Plaintiffs") and those who voluntarily

enrolled in CCP, but were not given the services promised (the "voluntary enrollment subclass" or "voluntary enrollment Plaintiffs").

The two involuntary enrollment Plaintiffs, Juan Arevalo ("Arevalo") and Mitchell Sandow ("Sandow") allege that they were enrolled in CCP and charged for the service without their knowledge or consent–a practice referred to by Plaintiffs as "slamming". The six voluntary enrollment Plaintiffs did not experience denials of service identical to one another, but their claims are unified by a common thread of misrepresentations in the marketing of CCP by Defendants, and denial of the benefits they expected to receive.

Defendants now move to dismiss three of the complaint's nine causes of action: the unjust enrichment claim, which they move to dismiss as brought by all Plaintiffs, and the contract-based claims (breach of contract and breach of covenant of good faith and fair dealing), which they move to dismiss only as brought by the involuntary enrollment Plaintiffs.

**LEGAL STANDARD**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir.1996). The pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). The Court is not obligated to accept every conclusory allegation as true; rather, it "will examine whether conclusory allegations follow from the description of facts as alleged." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir.1992) (citation omitted).

Under Federal Rule of Civil Procedure 8(a), a plaintiff must plead her claim with sufficient specificity to "give the defendant fair notice of what the ... claim is and the grounds

2

1  upon which it rests." *Twombly*, 550 U.S. at 545. Dismissal for failure to state a claim under
2  Rule 12(b)(6) "is appropriate only where the complaint lacks a cognizable legal theory or
3  sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med.*
4  *Ctr.*, 521 F.3d 1097, 1104 (9th Cir.2008). Dismissal of claims that fail to meet this standard
5  should be with leave to amend unless it is clear that amendment could not possibly cure the
6  complaint's deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th
7  Cir.1998).

## DISCUSSION

### 1. Unjust Enrichment Claim

Plaintiffs' claim is silent as to what law governs the unjust enrichment claim brought as the fifth claim for relief in the first amended complaint.  Defendants argue that the failure to specify the governing law renders this cause of action fatally defective, as Defendants cannot adequately respond to a claim without knowing under what state's law the claim is brought.  Plaintiffs respond that the differences between the law governing unjust enrichment in the various potential states under whose law this claim might be brought are negligible, and that, because there is no meaningful variation in the unjust enrichment law of these various states, the Court can determine the validity of the claim for unjust enrichment without determining which is the governing law.

The Court disagrees.  This issue has been addressed in the Northern District as recently as 2011, with the court holding unequivocally that in order for an unjust enrichment claim to be adequately pled, the law under which the claim is brought must be specified in the complaint:

> Even if the basic elements of an unjust enrichment claim are similar in many states, there may be (and very likely are) differences from state to state regarding issues such as the applicable statute of limitations and various equitable defenses. Several other courts in this district have similarly held that a plaintiff must specify the state under which it brings an unjust enrichment claim. *See In re Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F.Supp.2d 896, 910 (N.D. Cal. 2008) (dismissing an unjust enrichment claim because "until Plaintiffs indicate which States' laws support their claim, the Court cannot assess whether the claim has been adequately [pled]"); *In re*

3

*Ditropan XL Antitrust Litig.*, 529 F.Supp.2d 1098, 1101 (N.D. Cal. 2007) ("[Plaintiff's] ability to plead a claim for unjust enrichment may vary from state to state, and unless and until Direct Purchaser Plaintiff clarifies under what state law it is moving, neither Defendants nor the Court can address whether the claim or claims have been adequately [pled].").

*In re TFT-LCD (Flat Panel) Antitrust Litigation*, 781 F.Supp.2d 955, 966 (N.D. Cal. 2011).

It is not possible for the Court to determine any of the further issues raised regarding this cause of action without knowing under state's (or states') laws Plaintiffs seek to bring this claim. Therefore the motion to dismiss is GRANTED as to the unjust enrichment claim, and the fifth claim for relief is DISMISSED WITHOUT PREJUDICE. Plaintiffs are granted leave to amend the complaint to state the particular state law under which the unjust enrichment claim is asserted.

## 2. Breach Of Contract

Defendants seek to dismiss the breach of contract claim brought by the involuntary enrollment Plaintiffs, arguing that because the involuntary enrollment Plaintiffs can cite no specific term of their credit card agreements disallowing the charging of fees beyond those specified in the agreement, they cannot properly allege a claim for breach of contract.

The elements of a cause of action for breach of contract are: (1) the existence of the contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages. *First Commercial Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745, 108 Cal.Rptr.2d 23 (2001). "In an action for breach of a written contract, a plaintiff must allege the specific provisions in the contract creating the obligation the defendant is said to have breached." *Miron v. Herbalife Int'l, Inc.*, 11 Fed.Appx. 927, 929 (9th Cir. 2001).

Here, Plaintiffs have not–and cannot–allege the breach of a specific term, as their entire theory is that it was the *absence* of a term affirmatively allowing CCP fees which makes up the basis of the breach. Nor have Plaintiffs been able to offer the Court any authority which clearly establishes that in a situation such as this, where the allegation is that breach lies not in the contravening of an express term, but in the exceeding of all express

4

terms, breach of contract is an appropriate cause of action.  For that reason, the motion to dismiss this claim is GRANTED, and the third claim for relief is DISMISSED WITHOUT PREJUDICE as to the involuntary enrollment Plaintiffs.  In an abundance of caution, however, the Court grants leave to amend, as the possibility that closer inspection of the contract may enable Plaintiffs to better specify a specific obligation breached is not foreclosed by this ruling.

### *3. Breach Of Covenant Of Good Faith And Fair Dealing*

In the absence of an express provision on which to base a claim for breach of contract, breach of contract may be established on the basis of the implied covenant of good faith and fair dealing. *Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 100 Cal.App.4th 44, 55, 122 Cal.Rptr.2d 267 (2002) (recognizing that "every contract imposes upon each party a duty of good faith and fair dealing in the performance of the contract such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract").

However, the "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal.App.4th 1089, 1093–94, 8 Cal.Rptr.3d 233 (2004) (citation omitted). "In order to state a claim for breach of an implied covenant of good faith and fair dealing, the specific contractual obligation from which the implied covenant of good faith and fair dealing arose must be alleged." *Inter–Mark USA, Inc. v. Intuit, Inc.*, 2008 WL 552482, at *6 (N.D. Cal. 2008) (citing *Love v. The Mail on Sunday*, 2006 WL 4046180, at *7 (C.D. Cal. 2006)). "It is universally recognized [that] the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." *Id.* at *7.

Furthermore, "[f]acts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity." *Levy v. State Farm Mut. Auto. Ins. Co.*, 150 Cal.App.4th 1, 5, 58 Cal.Rptr.3d 54 (2007). From these principles, it follows

5

1 that a plaintiff must identify the specific contractual provision that was frustrated in order to
2 state a claim for breach of the implied covenant of good faith and fair dealing. *Lingad v.*
3 *Indymac Federal Bank*, 682 F.Supp.2d 1142, 1154 (E.D. Cal. 2010).

4       This is not to say that the covenant of good faith an fair dealing provides no more
5 relief than a simple breach of contract claim: rather, the covenant of good faith and fair
6 dealing "is implied as a supplement to the express contractual covenants, to prevent a
7 contracting party from engaging in conduct which (while not technically transgressing the
8 express covenants) frustrates the other party's rights to the benefits of the contract." *Racine*
9 *& Laramie, Ltd., Inc. v. Dep't of Parks and Recreation*, 11 Cal. App. 4th 1026, 1031, 14
10 Cal.Rptr.2d 335 (1992); *see also Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111,
11 1129 (N.D. Cal. 2009) ("To establish a breach of an implied covenant of good faith and fair
12 dealing, a plaintiff must establish the existence of a contractual obligation, along with
13 conduct that frustrates the other party's rights to benefit from the contract.").

14       Here, Plaintiffs have included in their pleading which agreement was breached (the
15 credit card agreements of the involuntary enrollment Plaintiffs), and have further included
16 that these agreements, by specifying allowable fees and charges–and *not* specifying that the
17 CCP fees were among those allowable charges–implicitly promised not to charge anything
18 beyond what was specified in the contract.  Therefore, Plaintiffs allege, Defendants breached
19 this implicit promise (and frustrated the purpose of the contract) by going beyond their
20 explicitly allowed charges: the implied element which was frustrated, under this claim, was
21 the "expectation that [Plaintiffs] not be charged for services not specifically set forth in their
22 credit card agreements." (Compl., ¶ 179).

23       Though Defendants argue that this claim for relief must fail for the same reasons set
24 forth above regarding the breach of contract claim, breach of contract and breach of the
25 implied covenant cannot be treated so interchangeably.  While one alleges breach of a
26 contractual term, the other alleges breach of a purpose arising between the lines of those
27 terms, the frustration of which denies one party the benefit for which they contracted.  Here,
28 Plaintiffs' contention that the enumeration of allowable fees implies that the cardholder may

6

expect to be free from further charges not expressly disclosed or referenced in the agreement is not so beyond the realm of credibility that dismissal would be appropriate at this stage. Therefore, the motion to dismiss the fourth claim for relief is DENIED.

**CONCLUSION**

For the reasons set forth above, the motion to dismiss is GRANTED IN PART AND DENIED IN PART. The motions to dismiss the third claim for relief, breach of contract, and the fifth claim for relief, unjust enrichment, are GRANTED, and these claims are DISMISSED WITH LEAVE TO AMEND as specified above. The motion to dismiss the fourth claim for relief is DENIED. Should Plaintiffs wish to amend their complaint, any amendment shall be filed on or before **April 25, 2012.**

**IT IS SO ORDERED.**

Dated: 4/3/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT